UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JENNIFER TOM,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>    Defendant. | Case No. 19-cv-06322-JST   (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 83 |

Now pending before the court is a jointly filed letter brief (dkt. 83) setting forth a discovery dispute that boils down to Plaintiff's request to compel the production of certain documents pertaining to a facet of the job description for a position in which she was formerly employed. For the reasons stated below, Plaintiff's request is denied.[1]

Plaintiff, who previously worked as a Benefit Authorizer for the Social Security Administration ("SSA"), has sued her former employer for employment and disability discrimination. *See generally* Amend. Compl. (dkt. 46) at 1-156. Plaintiff alleges that her former employer failed to accommodate her "known disabilities and medical needs" in that she required a fragrance-free and chemical-free workplace while employed at the SSA between 2008 and 2018, but and that her requests for frequent teleworking from home were denied, at least in part, on grounds that Plaintiff's job duties included answering the SSA's telephone systems on days with unusually high call volumes (otherwise known as "Spike" days) – a job function which could not be performed from offsite locations due to the onsite telephone equipment required to answer

---

[1] Pursuant to Civil Local R. 7-1(b), the court finds that this matter is suitable for disposition without oral argument.

1    SSA's incoming phone calls. *See id*.; *see also* Ltr. Br. (dkt. 83) at 2-6. In its Answer to Plaintiff's
2    Amended Complaint, Defendant initially contended that "part of a Benefit Authorizer[']s job
3    duties included assisting the agency's teleservice centers by answering SSA's 1-800 number on
4    occasions that the agency expected to receive an elevated number of calls (i.e., 'spike' days)." *See*
5    Answer (dkt. 47) at 4-5. However, Defendant has now changed the course of its defense by
6    confirming that "[t]he SSA does not intend to raise SPIKE as a defense in this litigation . . . [a]s
7    such, burdensome discovery concerning SPIKE is no longer relevant." *See* Ltr. Br. (dkt. 83) at 5.

8          Plaintiff's arguments in support of her continued desire to receive documents and
9    information relating to this issue seem to be based on her mistaken impression that Defendant is
10   attempting to trick her into forgoing discovery on this issue only to surprise her with this defense
11   at trial. *See id*. at 2-4. In essence, the gist of Plaintiff's dissatisfaction with Defendant's concession
12   seems to be rooted in Plaintiff's focus on Defendant's fluctuation between the use of past and
13   present tense when explaining that the SSA "will not argue that SPIKE duties, which generally
14   cannot be performed remotely, <u>are</u> an essential function of her job." *Id*. at 5 (emphasis added).
15   According to Plaintiff, who is not *currently* employed by the SSA, Defendant's use of the present
16   tense in some of the statements found in the Parties' jointly filed letter brief is indicative of some
17   sort of trickery because, as Plaintiff puts it, "Defendant[']s current offer to admit that as of 2021[,]
18   SPIKE is not an essential function is useless to Plaintiff because Plaintiff was employed in 2008
19   and wrongfully terminated in 2018[,] well before 2021." *Id*. at 4. However, Plaintiff's focus on
20   Defendant's occasional use of the present tense overlooks Defendant's other statements that
21   unequivocally indicate Defendant's commitment not to raise this issue at all in the course of this
22   case. In this regard, Defendant has repeatedly stated that the SSA will not claim that answering the
23   phone on spike days was part of Plaintiff's job duties: (1) "Defendant will not argue that SPIKE
24   duties, which generally cannot be performed remotely, are an essential function of **her** job" (the
25   use of the personal pronoun, "her," necessarily refers to the job that Plaintiff had, during the
26   period in which Plaintiff had the job); (2) Defendant clearly states that "[t]he SSA does not intend
27   to raise SPIKE as a defense in this litigation . . . Benefit Authorizers do not currently perform
28   SPIKE duties, and the Agency will not raise the necessity of doing so in this litigation." *Id*. at 5-6.

United States District Court
Northern District of California

2

Thus, Plaintiff should rest assured that there is no trickery at play here. Instead, Plaintiff should view this concession as a victory of sorts because Defendant has effectively *reduced* the number of defenses that can be raised in response to the allegations in Plaintiff's Amended Complaint.

A party seeking to compel discovery has the initial burden of establishing that the request satisfies the relevancy requirements of Fed. R. Civ. P. Rule 26(b)(1). *See e.g.*, *In re Glumetza Antitrust Litig.*, No. 19-cv-05822-WHA (RMI), 2020 U.S. Dist. LEXIS 113361, at *31 (N.D. Cal. June 29, 2020); *see also Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Furthermore, while Rule 26(b) is quite broadly phrased, it does limit discovery to those non-privileged matters that are "relevant to any party's claim or defense," meaning that relevance is tethered to the claims and defenses in the parties' pleadings. *See In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2007 U.S. Dist. LEXIS 95869, at *27 (N.D. Cal. Dec. 24, 2007). Accordingly, because Defendant has now committed to the abandonment of its defense that Plaintiff's "spike" duties precluded accommodating her proposed teleworking accommodations, the requested discovery pertaining to this issue is no longer relevant to any of Defendant's defenses (nor has Plaintiff established its independent relevance to any of the claims in her operative complaint) – and, for that reason, Plaintiff's request to compel the production of this material must be **DENIED.**

Counsel for Defendant is **ORDERED** to promptly serve this Order on Plaintiff via electronic mail pursuant to the Parties' agreement to that effect (*see* dkt. 81).

**IT IS SO ORDERED.**

Dated: April 6, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge