UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JENNIFER TOM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br><br>　　　　　Defendant. | Case No. 19-cv-06322-JST   (RMI)<br><br>**ORDER**<br><br>Re: Dkt. No. 89 |

Recently, Defendant and Plaintiff arrived at an agreement wherein Defendant agreed to produce certain records ("Web TA" documents) by noting that "[t]he Agency has since confirmed that it is amenable to providing all of plaintiff's Web TA records (relevant or not) and expects to be able to produce them shortly." *See* Def.'s Resp. (dkt. 78) at 2. Plaintiff, however, has nevertheless filed a somewhat voluminous motion to compel the production of those materials because of her understanding that a looming discovery cut-off date would operate to absolve Defendant of its obligation to produce those materials. *See* Pl.'s Mot. (dkt. 89) at 1-20. Plaintiff is mistaken. The discovery cut-off date is only intended to foreclose <u>*new*</u> discovery requests that might be tendered <u>*after*</u> the cut-off date; however, the cut-off date will have no effect on Defendant's obligation to produce materials that it has already committed to producing.

The court realizes that Plaintiff is a non-attorney that is proceeding *pro se*, and while this entitles Plaintiff to some latitude when it comes to the enforcement of the court's rules and orders; it does not, however, completely absolve Plaintiff of her responsibility to at least attempt to familiarize herself with the rules and orders of the court and to make a good faith effort to comply with those rules and orders. In the present context, Plaintiff is reminded that she cannot simply

lodge motions to compel discovery at will. Instead, she must first meet and confer with counsel for Defendant in an effort to resolve the discovery dispute *without* court intervention if at all possible. Court intervention should be solicited in the course of discovery disputes as a last resort, not as a first resort. Following a good faith effort to resolve a discovery dispute without court intervention, if the Parties still find themselves at an impasse, the Parties (including *pro se* parties) are *required* to follow the rules and orders of this court in the manner in which their discovery disputes are presented. Accordingly, Plaintiff is **ORDERED** to read and familiarize herself with the relevant Federal Rule of Civil Procedure (Rule 37), with Local Civil Rule 37-1[1], and with ¶13 of the undersigned's General Standing Order[2] wherein the process for presenting discovery disputes by way of a *jointly-filed* letter brief is set forth. Accordingly, because Plaintiff's Motion to Compel (dkt. 89) appears to have been filed both improperly and prematurely – and perhaps even unnecessarily (in light of Defendant's already-stated commitment to producing this material) – the Motion (dkt. 89) is **DENIED**.

A copy of this order will be mailed to Plaintiff using the Court's pandemic-specific mailing protocols, which are attended with some measure of delay; accordingly, counsel for Defendant is **DIRECTED** to promptly serve this Order on Plaintiff via electronic mail pursuant to the Parties' agreement to that effect (*see* dkt. 88).

**IT IS SO ORDERED.**

Dated: April 15, 2021

ROBERT M. ILLMAN
United States Magistrate Judge

---

[1] Local Civil Rule 37-1 begins with the following statement: "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." The Local Civil Rules of this Court may be found at: https://www.cand.uscourts.gov/rules/civil-local-rules/

[2] The undersigned's General Standing Order is available on the Court's website at: https://www.cand.uscourts.gov/wp-content/uploads/judges/illman-rmi/RMI-Standing-Order.pdf